# *William Miles, plaintiff in error *against* [*423 Sarah Oldfield.

The words "you are a vagrant" are actionable; the act of assembly of 21st Feb. 1767, subjecting the offender on a conviction before a justice of the peace, to an imprisonment at hard labour, for a term not exceeding one month.

Many faults in pleading are cured by verdict. If a declaration contains a substantive cause of action, it will be aided though informal. Slander, accompanied by a tortious act, is joinable therewith in one count.

[Miles, in Error, *v.* Oldfield.]

WRIT of error to the Common Pleas of Crawford county
The declaration was in these words:

Crawford County, *ss.*     April Term 1803.

William Miles, of the said county, yeoman, was summoned to
answer Sarah Oldfield, of a plea of trespass on the case, &c.
And whereupon the said Sarah, by A. W. Foster, her attorney,
complains, that whereas the said Sarah now is, and for a long
time past has been a citizen of this commonwealth, and always
respected and esteemed, and known to be an industrious and
orderly person, and never respected, esteemed, taken, or known
to be a pauper, or to live idly and without employment, or to
go about from door to door, or to place herself in any street,
highway, or road, to beg or gather alms, or to wander abroad
and beg, or to follow no labour, trade or occupation, and have
no visible means of subsistence. And the said William well
knowing the premises, but contriving and intending to bring
the said Sarah into contempt and disgrace, and to subject her to
the pains and penalties imposed by the laws of this common-
wealth against idle and disorderly persons, did on the 28th day
of February 1803, at the county aforesaid, in the presence and
hearing of divers good citizens of this commonwealth, say of and
concerning the said Sarah to Jacob Sheppard, a constable of the
said county, in the presence and hearing of the said Jacob, she
(the said Sarah meaning) is a vagrant (meaning thereby, that
she the said Sarah was an idle and disorderly person,) and you
(the said Jacob meaning) must take her to squire Hamilton
(James Hamilton, esq. a justice of the peace of the said county,
meaning,) that he may send her to gaol, (thereby meaning, in-
sinuating, and intending, and giving notice to the said Jacob
Sheppard, that the said Sarah was an idle and disorderly person,
and directing said Jacob to apprehend and convey the said Sarah
to the said James Hamilton, esq. a justice of the peace of the
said county, as an idle and disorderly person) and did on the
said day, at the county aforesaid, actually cause the said Sarah
to be apprehended and conveyed to the said James Hamilton, esq.
a justice of the peace of the said county, as an idle and disorderly
person, by reason of the speaking of the said false and scandalous
words, of and concerning the said Sarah, and causing her to be
apprehended and conveyed to James Hamilton, esq. aforesaid,
as an idle and disorderly person, the said Sarah is greatly injured,
*424] as well in her good name, fame and reputation, *as also in
her person, by reason of her being apprehended and con-
veyed to the said James Hamilton, esq. a justice of the peace of
the said county, and hath received damage to the value of 1000
dollars, and thereof she brings suits, &c. pledges, &c.

The cause was tried on the 28th May 1806, when a verdict
passed for the plaintiff below with $100 damages, and costs.

Mr. Sample for the plaintiff in error, now excepted to the
declaration on three grounds:

[Miles, in Error, *v.* Oldfield.]

1. If it be considered as an action of slander, the words laid are not actionable. It will not be said that an indictment would lie for vagrancy.

2. The declaration is vicious in not stating the words to have been falsely and maliciously spoken. Actions of this nature are founded on the falsehood of the words, and the malice of the speaker. All the precedents pursue this form.

3. Slander and malicious prosecution, which are distinct causes of action, are strangely jumbled together in this new fangled mode of declaring by one count. But they are not joinable. Trespass and case cannot be joined. 1 Lord Raym. 272. It was necessary at all events, if the two causes of action could be joined together, to aver, that the prosecution was false and malicious, and without a probable cause, and that it was at an end. All the essentials in a malicious prosecution should have been stated. The present recovery could not be pleaded in bar to a new suit for a malicious prosecution. Though it be after verdict, it is only necessary for the plaintiff to prove what he has laid in his declaration. Nothing will be presumed therefrom, unless it be necessarily implied in its texture. 1 Term Rep. 145.

Mr. A. W. Foster, *e contra.* Case is the proper form of action, where the imprisonment of the plaintiff arises from the information of the defendant. 2 T. R. 231. To make words actionable in this state, it is not necessary that an indictment should be supportable for the fact charged. If the injured party may be punished for the fact, if the charge is true, by a justice of the peace on a conviction before him, slander will lie, equally as if an indictment might be brought for the offence. Under the act of 21st February 1767, 1 Dall. St. Laws 472, one legally convicted of vagrancy, before any justice of the peace of the county, is to be sent to the workhouse, or common gaol of the county, there to be kept at hard labour, for any time not exceeding one month.

The exceptions taken by the plaintiff in error, go to mere matters of form. If a declaration in slander does not lay the *words to have been spoken maliciously, it may be taken advantage of upon a special demurrer; but the party [*425 cannot avail himself hereof, on a motion in arrest of judgment, or on a writ of error. Where a plaintiff has stated his cause of action defectively, every thing shall be presumed to have been proved on the trial; but is otherwise where a bad cause of action is stated. Doug. 658. A verdict will aid the want of an averment. 1 Dall. 461. In slander, after a verdict for the plaintiff, court will presume malice to have been proved on the trial. But in the present instance it is charged, that the defendant in error was no vagrant, and that Miles knew it, but contrived to bring her into contempt and disgrace, &c. and that by reason of his speaking the said false and scandalous words, and by her apprehension, &c. she received damage. From the tex-

ture of the declaration, both malice and falsehood are strongly imputed to the plaintiff in error; and if there was no malice in his mind, he might have availed himself of it on the trial. If his motives were pure, and he acted on reasonable or probable cause, he would have shewn this matter to the jury; because malice is commonly implied from the want of probable cause. 1 Term Rep. 544.

This is not an action for malicious prosecution. No indictment has been sent to the grand jury; no acquittal has taken place in due form of law. But the slanderous words have been accompanied by a tortious act, and they are joinable by law. Slander cannot be supported against two persons, who have spoken the same words, but if accompanied by a tortious act, and laid with the words, it well may. Bull. Ni. Pri. 5, 11.

Two cases occur in the books much resembling the present. The one is Philips v. Fish, Trin. 11, Geo. reported in 8 Mod. 371. There the words were, "thou art a villain and thief," by means whereof, he was not only damnified in his reputation, but was carried before a justice of the peace and imprisoned. The plaintiff recovered one shilling damages, but was held to be entitled to full costs. It is true, that no judgment appears to have been given, by the reporter; but the case is cited by counsel in 2 Ld. Raym. 1588, as determined by the court.

The other case is Carter v. Fish, Mich. 12, Geo. reported in 1 Stra. 645, and cited 2 Espin. Dig. 269, where the words were "you have stolen a hen," by reason whereof, the plaintiff was not only hurt in his fame, but by procurement of the defendant, was taken up and carried before a justice. The plaintiff obtained a verdict for one shilling damages and full costs; "because this was not laid as an aggravation, but as a distinct "fact; he spoke the words, and he procured him to be carried "before a justice."

*426]    *The declaration before the court follows the form of these two cases; in each of which there is but one count, and none of the essentials of a malicious prosecution were deemed necessary therein. And it is presumed, they will be deemed sufficient authorities whereon to found an affirmance of the judgment in the present instance.

TILGHMAN, C. J. delivered the opinion of the court.

The errors alledged in this case are confined to what appears on the face of the declaration. [This he stated fully.] The defendant's counsel has raised several ingenious objections to the judgment on this declaration, which may be reduced to the following heads.

1st. That to call a person a vagrant, is not actionable.

2d. That if this is to be considered as an action of slander, the declaration is bad, in not laying the words to be false and malicious.

3d. That the declaration does in substance contain two

counts, one for slander, and the other for a malicious prosecu-tion ; and that the malicious prosecution is badly set forth, because it is not said, that the prosecution is ended, and the plaintiff acquitted.

1. The act of 21st February 1767, defines the nature of vagrancy, and authorizes a justice of the peace to commit vagrants to the common goal, there to be kept at hard labour, for any time not exceeding one month. To charge a person with an offence, which subjects him to punishment of this kind, is in the opinion of the court, actionable. The first objection therefore, is of no validity.

2. Many small faults in pleading are cured by verdict. The court is always strongly inclined to support judgments, after the merits have been tried. The rule of law is, that where the declaration contains a substantial cause of action, it shall be aided, though defective in form. Considering the whole of this declaration, it does sufficiently appear, that the words spoken were false and malicious. It is said, that the plaintiff was not a vagrant, and that the defendant knew this. It follows inevi-tably, that when the defendant called him a vagrant, he told a malicious falsehood.

3. To the third objection, the cases of Philips v. Fish and of Carter v. Fish are opposed. In the latter, wherein judgment was given, the plaintiff set forth, that " the defendant said he " had stolen a hen, by reason of the speaking of which false and " slanderous words, he was not only injured in his character, but " by occasion thereof and by the procurement of the defendant " he was taken up and carried before a justice," &c.

*The jury gave damages under 40s. and the only ques-tion was, whether the plaintiff should have full costs, it [*427 being an action of slander. The court were of opinion, that full costs should be given ; because the taking up and carrying before the justice, was set forth as a distinct fact. In Philips v. Fish, wherein the cause of action is stated in the same way, the court inclined to the same opinion. It is true, the court are made to say, " in the principal case, the action is founded on the " words spoken ; and the procuring the plaintiff to be arrested " for felony, is laid in a different count, and the defendant is " found guilty generally," &c. By this it must be meant, that there were in substance, two counts, or two causes of action included in one count ; for in form, there certainly was but one count : the case is not very accurately reported. But taking the case of Carter v. Fish to be law, as reported, it seems to be conclusive in favour of the plaintiff below : because there the very same objection might have been urged, which the plaintiff in error insists on here ; viz. that the declaration contained a count for a malicious prosecution, in which it was not alledged, that the plaintiff was acquitted : and yet the court gave judg-ment for the plaintiff. We do not consider this as an action for a malicious prosecution. *Vide* Term Rep. 225. The decla-

[M'Kenzie et al. Lessee of, *v.* Crow et al.]

ration is rather irregular. It contains an action for slander; and also asserts, that the defendant by speaking the slanderous words occasioned the plaintiff to be carried before a justice. It seems to be rather a special injury, arising from the slander. But if according to the case of Carter *v.* Fish, it is to be considered as a distinct cause of action, we will follow the authority of that case throughout, and support the judgment of the court below.

Judgment affirmed.